# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY KEITH VANOVER, | ) | CASE NO. 7:20CV00557 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAYSI SOUTHWEST VIRGINIA | ) | |
| REGIONAL JAIL | ) | |
| (MEDICAL DEPARTMENT), | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Anthony Keith Vanover, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the medical department of the Southwest Virginia Regional Jail ("SWVRJ"), where he has allegedly been denied treatment for Hepatitis C. After review of the record, the court concludes that this civil action must be summarily dismissed.

Vanover's allegations are brief: "I asked the doctor about being treated for my Hep C. He stated he couldn't. I wrote a grievance and it stated the jail doesn't treat it. I appealed that and was told the jail goes by your levels. I feel I'm being denied treatment due to this jail's effort to save money and not based on medical considerations." Compl. 2, ECF No. 1. In response to the § 1983 form's question to state what relief he wants from the court, Vanover states:

> I feel I'm being denied medical attention[.] I want to sue for compensation[.] Also I would like to see the jail implement an HCV treatment protocol that meets the "community standards of care for patients with Hep C" including treatment with DAA's and that the jail establishes "ongoing monitoring and medical care" for HCV-positive inmates.

Id.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must plead facts sufficient to "state a

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

The SWVRJ is merely a jail and cannot qualify as a person to be sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Similarly, the defendant that Vanover names—SWVRJ's medical department, made up of a group of individuals—cannot qualify as a person subject to being sued under § 1983. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (emphasis added). Thus, the only defendant Vanover has identified, the medical department, cannot be sued under § 1983. For that reason, the court will summarily dismiss this case without prejudice under § 1915A(b)(1) for failure to state a claim upon which relief could be granted. An appropriate order will enter this day. Such a dismissal leaves Vanover free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.

The clerk is directed to send copies of this memorandum opinion and accompanying order to Vanover.

**ENTER**: This __23rd__ day of November, 2020.

                                                 Senior United States District Judge